IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                        No. 2:08-CR-0402 KJM

   vs.

ORION DOUGLAS MEMMOTT,

        Defendant.                    <u>ORDER</u>

_____/

        Defendant requests that the court postpone his February 23, 2015 surrender date pending his appeal of his conviction. Mot. to be Released From Custody Pending Appeal ("Mot."), ECF No. 137. His motion was filed on January 7, 2015, and the government opposed on January 14, 2015. ECF No. 138. Defendant replied on January 19, 2015. ECF No. 140. For the following reasons, the court GRANTS the motion.

        Defendant's sentencing hearing was held on December 15, 2014. ECF No. 131. In determining the sentence, the court granted voluntary surrender as anticipated by the Presentence Investigation Report ("PSR") at 17, ECF No. 122 (sealed). The court departed from the recommended date in the PSR and delayed surrender approximately two months, to February 23, 2015, to consider the motion. Judgment & Commitment at 2, ECF No. 125. In so doing, the court found, at least implicitly, that defendant posed neither a flight risk nor a danger to others. 18 U.S.C. § 3143(a).

1

1     Defendant's current motion is governed by 18 U.S.C. § 3143(b), which requires
2 detention of a sentenced defendant, unless the court finds an exception applies.  Exceptions
3 exist where the court finds: (1) by clear and convincing evidence that the defendant is not likely
4 to flee or pose a danger to others; (2) that the appeal is not being taken for delay; and (3) that
5 the appeal "raises a substantial question of law or fact likely to result in . . . reversal, . . . an
6 order for a new trial, . . . a sentence that does not include a prison term, or . . . a reduced
7 sentence to a term of imprisonment less than the total time already served plus the expected
8 duration of the appeal process." 18 U.S.C. § 3143(b).  "A 'substantial question' is one that is
9 fairly debatable or fairly doubtful." *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir.
10 1986) (citing *United States v. Handy*, 761 F.2d 1279, 1283 (9th Cir. 1985)).  As the moving
11 party, defendant bears the burden of establishing that such an exception exists. *See United*
12 *States v. Montoya*, 908 F.2d 450, 451 (9th Cir. 1990).

13     The only question raised by defendant's motion is whether his appeal presents a
14 substantial issue worthy of appellate review.  Mot. at 1-2.  Defendant argues, as the court
15 acknowledged at sentencing, that application of the Sentencing Guidelines regarding
16 calculation of tax loss is not an easy exercise in the context of this case based on concealment
17 and collection issues.  Mot. at 1.  He further contends the appropriate method of application of
18 the relevant Guidelines provision remains unresolved. *Id.* at 1-2.  He says that if this issue is
19 resolved in his favor, his maximum incarceration would be six months and his current sentence
20 of 18 months would be vacated.

21     The court finds defendant has satisfied his burden of raising a substantial
22 question of law as to the proper method of tax loss calculation under the applicable Sentencing
23 Guidelines.  The government's opposition relies on Fifth and Seventh Circuit holdings that tax
24 losses are not reduced by actual collectability.  This court was persuaded by those out of circuit
25 decisions.  However, the Ninth Circuit has not yet spoken on the issue, which this court finds
26 cannot be resolved by a close reading of the Sentencing Guidelines alone.  Without reaching
27 the merits of defendant's appeal, which this court need not do, the court finds a "fairly
28

debatable question" for appeal, which could result in the reversal and remand of defendant's case for resentencing. *Handy*, 761 F.2d at 1281.

      The court GRANTS defendant's motion. The defendant shall remain released as approved at sentencing pending appeal.

      IT IS SO ORDERED.

Dated: February 11, 2015.

                              UNITED STATES DISTRICT JUDGE